UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHEM PETERS and JOHN BARNWELL,<br><br>   Plaintiffs,<br><br>      v.<br><br>THE CITY OF NEW YORK, POLICE SERGEANT JOHN DOE, POLICE OFFICERS JOHN DOES 1 through 4,<br><br>   Defendants. | **ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK**<br><br>Case No. 1:11-CV-07392 (RWS)<br><br>**ECF**<br><br>Jury Trial Demanded |

   Defendant City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

   1.  Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiffs purport to bring this action and proceed as stated therein.

   2.  Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiffs purport to bring this action and invoke the Court's jurisdiction as stated therein.

   3.  Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiffs purport to base venue as stated therein.

   4.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

   5.  Admits the allegations set forth in paragraph "5" of the complaint.

   6.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint, except admits that plaintiffs were arrested at or near 1020 Fox Street in the Bronx at or about 3:55 p.m on or about July 20, 2011.

9. Denies the allegations set forth in paragraph "9" of the complaint, except admits that another individual was also arrested, and that the plaintiffs were arrested on charges of criminal possession of marijuana under P.L. § 221.10(1).

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint, except admits that the plaintiffs were arrested on or about July 20, 2011.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

- 3 -

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint, except admits that plaintiffs were transported to the 41st Precinct.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint except admits that plaintiffs were each issued a Desk Appearance Ticket charging them with criminal possession of marijuana, and instructed to appear in Criminal Court of the City of New York on October 14, 2011.

18. Denies the allegations set forth in paragraph "18" of the complaint.

19. Admits the allegation set forth in paragraph "19" of the complaint.

20. Denies the allegation set forth in paragraph "20" of the complaint except admits that on or about October 24, 2011, each plaintiff accepted an adjournment in contemplation of dismissal ("ACD").

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. In response to the allegations set forth in paragraph "22" of the complaint, defendant City of New York repeats and re-alleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. In response to the allegations set forth in paragraph "27" of the complaint, defendant City of New York repeats and re-alleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. In response to the allegations set forth in paragraph "30" of the complaint, defendant City of New York repeats and re-alleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. In response to the allegations set forth in paragraph "35" of the Complaint, defendant City of New York repeats and re-alleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations against unnamed individuals set forth in paragraph "36" of the complaint, except admits that plaintiffs were arrested.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. In response to the allegations set forth in paragraph "42" of the complaint, defendant City of New York repeats and re-alleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. Denies the allegations set forth in paragraph "47" of the complaint.

48. Denies the allegations set forth in paragraph "48" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

49. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

50. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

51. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or the culpable or negligent conduct of other parties for whom the City of New York is not responsible, and was not the proximate result of any act of the defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

52. Plaintiffs provoked any incident.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

53. Punitive damages cannot be recovered as against the City of New York.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

54. At all times relevant to the incident, defendant City of New York and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion. As such, defendant City is entitled to governmental immunity.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

55. Plaintiffs may have failed to comply with the conditions precedent under state law.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

56. To the extent the complaint alleges claims against the City of New York under state law, such claims are barred by the doctrine of immunity from judgmental errors in the exercise of governmental functions.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

57. There was probable cause for plaintiffs' arrests, detentions and prosecutions.

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint, as against it with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated January 9, 2012<br>New York, New York | MICHAEL A. CARDOZO<br>Corporation Counsel of the<br> City of New York<br>Attorney for Defendant City of New York<br>100 Church Street<br>New York, New York 10007<br>(212) 788-0517<br><br>By: _____/s/_____<br>     Caryn Rosencrantz<br>     Senior Counsel |

To:   Robert Marinelli, Esq. (via ECF)
       *Attorney for Plaintiff*
       305 Broadway, 14th Floor
       New York, New York 10007